UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brandon Aubret, | ) | C/A No. 0:08-2250-RBH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Larry W. Powers, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Brandon Aubret (Plaintiff), proceeding *pro se*, is a detainee at the Spartanburg County Jail, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff complains of conditions in the jail under 42 U.S.C. § 1983, and requests money damages and injunctive relief against Defendant Larry W. Powers, the director of the jail.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.). Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). *See also Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, although this Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys,



*Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The bulk of Plaintiff's Complaint discusses the temperature of the food served at the Spartanburg County Jail. Plaintiff complains that the food is served cold on a daily basis, which he attributes to delays in service and broken heating elements in the food carts. Complaint at 3. Plaintiff also suggests that the habits of the officers serving the food are unsanitary, in that officers do not wear hair nets or gloves, and food trays are stacked leading to the introduction of "unsanitary particles" to the food. *Id*. These allegations do not rise to the level of a constitutional violation.

The United States Supreme Court explained in *Farmer v. Brennan*, 511 U.S. 825 (1994), that a prison official violates the Eighth Amendment (or the Fourteenth Amendment in the case of pretrial detainees)[1] *only* when two requirements are met: (i) the alleged deprivation must be, objectively, "sufficiently serious," resulting "in the denial of 'the minimal civilized measure of life's necessities,'" and (ii) the Defendant prison official must have a 'sufficiently culpable state of mind,'" *i.e.*, have shown "'deliberate indifference' to inmate health or safety." *Id*. at 834 (citations omitted). The Court further stated that the standard for "deliberate indifference" was "subjective recklessness as used in the criminal law." *Id*. at 839-40. "In short, the Court concluded that a prison official may be held liable under the Eighth Amendment for denying humane conditions of

---

[1] While the Due Process Clause of the Fourteenth Amendment guarantees pre-trial detainees – such as Plaintiff -- humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d at 495; *see also Chisolm v. Cannon*, No. C.A. 4:02-3473-RBH, 2006 WL 361375 (D. S.C., Feb. 15, 2006). For this reason, the standards discussed in *Farmer v. Brennan* are applicable in Plaintiff's case.

2



confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997) (citing *Farmer* at 847); *see also Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)(applying Eighth Amendment analysis in a conditions-of-confinement case filed by a state pre-trial detainee).

It is well established that, while "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system;" *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (citations omitted); and the United States Supreme Court has cautioned the federal courts that they "ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Id.* at 482; *see O'Lone v. Estate of Shabazz*, 482 U.S. 342, 353 (1987) (courts should not "substitute [their] judgment . . . on difficult and sensitive matters of institutional administration . . . for the determinations of those charged with the formidable task of running a prison.").

In this case, Plaintiff alleges no conduct on Defendant's part that approaches "deliberate indifference":  he sets forth no facts showing that he faces "a substantial risk of serious harm" from the conditions of confinement of which he complains.  In *Hamm v. DeKalb County,* the Eleventh Circuit found that while the constitution requires that prisoners be provided a reasonably adequate diet, the fact that food is served cold or occasionally contains foreign objects does not amount to a constitutional deprivation.  *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985).  *See also Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir.1977) ("A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required.").  *See also  Hoitt v. Vitek*, 497 F.2d 598 (1st Cir.1974); *Sinclair v. Henderson*, 331 F.Supp. 1123 (D.C.La.1971), *Freeman v. Trudell*, 497

3



F.Supp. 481 (E.D.Mich.1980). Hence, the allegations contained in the Complaint, even very liberally construed, are inadequate to state a viable § 1983 cause of action for compensatory damages arising from the conditions complained of. *Farmer*, 511 U.S. at 834. Plaintiff has also failed to allege any injury suffered as a result of the cited conduct. *See* 42 U.S.C. § 1997e (e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

Plaintiff may, of course, pursue his claims in state court under a state tort law theory, or he may seek administrative remedies. However, he has failed to state a claim upon which relief may be granted under § 1983, and this case is therefore subject to summary dismissal without service of process.

## Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint in this case without prejudice and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams,* 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

**Plaintiff's attention is directed to the important notice on the next page**.

Bristow Marchant
United States Magistrate Judge

July 18, 2008
Columbia, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

